UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK AND MARY FERGUSON | * | CIVIL ACTION NO. 2:10-CV -1656 |
| | * | |
| VERSUS | * | |
| | * | |
| MAERSK EQUIPMENT SERVICES CO., | * | |
| HORIZON LINES, LLC, ALL COAST | * | |
| INTERMODAL SERVICES, CO., DAVID | * | |
| PIERCE, TRANSPORTATION | * | |
| CASUALTY CO., FIRST COAST | * | |
| INTERMODAL SERVICES, INC., and | * | |
| AEQUIPCAP CLAIMS SERVICES, INC. | * | |
| | * | |
| VERSUS | * | |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |

NOTICE OF REMOVAL

NOW INTO COURT comes ALLSTATE INSURANCE COMPANY ("Allstate"), which has been named as a third-party defendant in the original action filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, case no. 2006-14138, in the matter originally entitled, *"Frank and Mary Ferguson v. Maersk Equipment Services Co., et al."*

Allstate has been sued in its capacity as the "fiscal agent of the United States,"[1] in its role as a Write-Your-Own ("WYO") Program insurance carrier participating in the United States

---

[1] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

-1-

government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA") as amended,[2] as the issuer of a Standard Flood Insurance Policy ("SFIP"), no. 1804587325,[3] to the insured, Frank and Mary Ferguson. As more fully discussed below, such claims under an SFIP against a WYO carrier implicate 42 U.S.C. §4072, which vests original "exclusive" jurisdiction in federal court. Allstate has also been sued in its private capacity as the issuer of a homeowners insurance policy, no. 915053941, to Frank and Mary Ferguson, and Allstate in its private capacity, appears herein and joins in this removal.

Allstate removes this third-party separate and independent claim under the authority of *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980). In *Carl Heck*, the Fifth Circuit held that since the language of §1441(c) does not require only those causes of action joined by the defendant to from the basis of removal, an action involving a third-party claim for indemnity was removable because the claim "presents a real controversy, not unrelated to the main demand, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered." 622 F.2d at 136. Additionally, the court held that because indemnity claims are frequently filed in a separate suit from the main claim, third-party indemnity claims should be regarded as distinct and independent. *Id*. As more fully discussed below, Allstate in its "fiduciary"[4] capacity as the "fiscal agent of the United States,"[5] files this Notice of Removal pursuant to 28 U.S.C. §1446, hereby removing this matter from state court to the docket of this Honorable Court. Allstate would respectfully show as follows:

---

[2] 42 U.S.C. §4001, *et seq.*
[3] *See,* First Amended Third Party Demand, ¶ 6.
[4] 44 C.F.R. §62.23(f).
[5] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

1. On or about August 28, 2006, the Plaintiffs, FRANK and MARY FERGUSON, filed a lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, entitled "*Frank and Mary Ferguson v. Maersk Equipment Services Co., et al.*," bearing case number 2006-14138  (A true and correct copy of the Plaintiffs' original Petition for Damages is attached hereto as part of Exhibit 1).

2. Notably, the Plaintiffs subsequently filed a second lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing case number 2007-14394, entitled, "*Frank and Mary Ferguson v. Allstate Insurance Company and Dave Martin Insurance Agency, Inc.*" Suit no. 2007-14394 was removed by Allstate Insurance Company to the United States District Court for the Eastern District of Louisiana, bearing civil action no. 2:07-cv-07415-KDE-ALC. (Rec. 1).  All parties to that lawsuit amicably settled and the Court entered an Order or March 5, 2009, dismissing this suit without prejudice.[6] (Rec. 13).

3. In case no. 2006-14138, on or about may 10, 2010, the Defendants filed a Motion for Leave to File Defendant's [sic] First Amended Third Party Demand. (Exhibit 1).  On May 12, 2010, the court issued an Order granting the Defendants leave to file the First Amended Third Party Demand against Allstate Insurance Company into the record. (Exhibit 1).

4. For the reasons that follow, Defendant Allstate hereby removes this case from state court to this federal court, pursuant to 28 U.S.C. §1331; 28 U.S.C. §1441(c); 42 U.S.C. §4072; 28 U.S.C. §1337; 44 C.F.R. Part. 61, App. A(1), Art. IX; and 28 U.S.C. §1367.

---

[6] Inexplicably, the Plaintiffs in that suit signed a receipt and release agreement to dismiss that suit with prejudice. It appears to be through a scrivener's error that the parties submitted a motion to dismiss without prejudice. Nonetheless, the Plaintiffs signed an agreement to dismiss with prejudice.

5. As this Court is well aware, removal is premised upon the face of the complaint. However, in this suit, it is the Third-Party Plaintiffs' First Amended Third Party Demand that makes Allstate a Third-Party Defendant. (Exhibit 1).

6. In this regard, Allstate directs this Court's attention to the allegations set forth in the First Amended Third Party Demand, which sets forth a separate and independent federal contract claim against this Defendant, Allstate. This claim is a distinct, separate and independent obligation which falls upon the U.S. Treasury; in contrast, the claims against all other Defendant seek private funds, as more fully explained below.

## REVIEW OF THE FIRST AMENDED THIRD PARTY DEMAND

7. The Plaintiffs originally filed a petition to recover damages to the immovable proeprty located at 54 Treasure Isle, Slidell, Louisiana. (Exhibit 1, First Amended Third Party Demand, ¶ 1).

8. It is alleged that in the Plaintiffs' petition damages were incurred during Hurricane Katrina. (¶ 2).

9. Plaintiffs alleged that "in addition to storm damage, their property suffered damage from being struck by a refrigerated container and trailer, bearing the mark 'Sealand.'" (¶ 3)

10. Third-Party Plaintiffs/original Defendants, "David Pierce, Maersk Equipment Services, Co., Horizon Lines, LLC, Packers Provision of Florida, Packers Provisions Company of Puerto Rico, Inc., Transportation Casualty Company, Aequicap Insurance Company, All Coast Intermodal Services, Co., Tyson Foods, Inc., Tyson Valley Distribution Center, Inc. And First Coast Intermodal Services, Inc. were named as defendants by plaintiffs in this case." (¶ 4).

11. At paragraph 6, the Third-Party Plaintiffs allege:

Allstate issued plaintiffs a homeowner's insurance policy, policy number 915053941

and a flood insurance policy, policy number 1804587325, providing coverage for the damage for which plaintiffs assume they are entitled to recover from defendants. These policies were in full force and effect at all relevant times.

In addition, "Allstate partially compensated plaintiffs for damages alleged in plaintiff's [sic] petition ...". (¶ 7).

12.  The Third-Party Plaintiffs claim that Allstate need be joined as "partial subgogor" because it is a "necessary party" to this action. (¶ 8).

13.  Further, Third-Party Plaintiffs state that they are "entitled to contribution from Third Party Defendant [Allstate] for any and all amounts for which defendants may be cast in judgment and credits or set-off credits with respect to all Third-Party Defendants who may settle plaintiff's [sic] claims." (¶ 10).

14.  Without question, Third-Party Plaintiffs have put at issue the " flood insurance policy, policy number 1804587325," issued by Allstate as the WYO carrier to the original Plaintiffs.

15.  As this Court is fully aware and as more fully discussed below, any claim under the Standard Flood Insurance Policy ("SFIP") issued by the WYO carrier involves federal funds, raises federal questions, and implicates original "exclusive" federal jurisdiction under 42 U.S.C. § 4072.

16.  Moreover, the Third-Party Plaintiffs' claim for contribution is a separate and independent claim for federal funds.

## THE FEDERAL REGULATORY SCHEME

17.  Allstate, as WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *"Arrangement,"*[7] to issue SFIPs on behalf of the federal government.

18.  Allstate cannot waive, alter or amend any of the provisions of the SFIP. See 44 C.F.R.

---

[7] 44 C.F.R. Part 62, Appendix A.

§61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

19.  All flood claims paid by a WYO carrier, such as Allstate, under an SFIP are out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III.  The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).  The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id*. at 1311.

## THE STANDARD FLOOD INSURANCE POLICY

20.  The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(1).[8]  The SFIP is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. §61.13.

21.  Article IX of the SFIP states:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq*.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX.  (emphasis added).

22.   The Third-Party Plaintiffs seek to collect funds for contribution and/or subrogation under the SFIP for damages to the original Plaintiffs' subject property.

23.   Third-Party Plaintiffs are making a claim under SFIP, no. 1804587325.

24.  The payment that the Third-Party Plaintiffs seek from Allstate would be a "direct charge

---

[8]  Attached hereto as Exhibit 2 is a copy of said SFIP.

on the public treasury," and would be "binding" upon the federal government. *Gowland,* 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

## THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE

25. As stated above, the WYO carrier Allstate is authorized by FEMA pursuant to the *Arrangement* found at 44 C.F.R. Part 62, App. A to issue SFIPs. However, effective October 1, 2004, there was a new "*Arrangement*" between FEMA and all WYO Program carriers, including Defendant Allstate. In that new *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

26. Moreover, FEMA again stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . . .

44 C.F.R. Pt. 62, App. A at Article I.

27. With the inception of the WYO Program in 1983, Congress amended §4072 to state that there will be "original exclusive" jurisdiction in federal court for actions on SFIP claims. See Pub.L.

98-181, § 451(d)(5). Thus, from the beginning of the WYO Program Congress intended for flood claims under an SFIP to be only in a federal forum.

28. Congress underwrites all operations of the NFIP through the U.S. Treasury.[9] This includes appropriations for both the adjustment of claims and the payment of those claims.[10] Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.[11]

29. Allstate's role, as a WYO carrier and set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is now clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

30. The Third-Party Plaintiffs' effort to obtain a state court forum over these issues, is an effort to have a state court decline to uphold federal law upon these topics, and is a threat to the development of a uniform body of case law governing the NFIP on all such matters.

FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

31. Based upon the facts pled by these Third-Party Plaintiffs, including but not limited to coverages and/or exclusions under the SFIP specifically pled by these Third-Party Plaintiffs, there are numerous federal questions presented by First Amended Third Party Demand.

32. Clearly and indisputably, the Third-Party Plaintiffs have put at issue the SFIP issued by

---

[9] 42 U.S.C. § 4017(d)(1).
[10] 42 U.S.C. § 4017(d)(1).
[11] 42 U.S.C. §§4013, 4017, 4019.

Allstate to the original Plaintiffs. In order to determine what is covered under the SFIP, found at 44 C.F.R. Pt. 61, App. A(1), the Court will have to review and interpret the provisions of the federal insurance policy.  *See*, *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000), stating that interpretation of the SFIP alone raises numerous federal questions.

33.  As such, this Court has original jurisdiction as per 28 U.S.C. §1331.

### EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072

34.  Allstate contends that the First Amended Third Party Demand also invokes 42 U.S.C. §4072.  As discussed above, Third-Party Plaintiffs allege that the original Plaintiffs were "partially compensated for damages." (First Amended Third-Party Demand, ¶ 7). As such, Third-Party Plaintiffs clearly infer that additional sums are due and owed under the insurance policies issued by Allstate, including the SFIP.

35.  In brining a claim for additional benefits under the SFIP, Third-Party Plaintiffs are taking the place of the Insured and invoking 42 U.S.C. § 4072, which conveys "original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

### FEDERAL JURISDICTION UNDER 28 U.S.C. §1337

36.  As an additional basis for federal jurisdiction, Allstate contends that 28 U.S.C. §1337 also applies to the case at bar.  As this Court is well aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

37.  In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, and held:

States have no regulatory control over the Program's operations. [FN3].

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

38. Based upon the National Flood Insurance Act of 1968, as amended, found at 42 U.S.C. §4001 *et seq.*, original jurisdiction is conveyed to this Court as per 28 U.S.C. §1337.

<u>SEPARATE AND INDEPENDENT FEDERAL CLAIM AGAINST ALLSTATE</u>

39. The Third-Party Plaintiffs' claims against Allstate are separate and independent federal claims for two reasons set forth below.

40. First, as subrogees, the Third-Party Plaintiffs seeks to stand in the place of the original Plaintiffs/Insureds and make a claim for further payments under the SFIP. Under this theory, the claims against the WYO carrier Allstate under the SFIP involve an obligation distinct and separate from the claims made by the Plaintiffs against the Defendants, which is under the theory of negligence. More particularly:

> a. The Standard Flood Insurance Policy is governed by federal law and flood claims are paid with U.S. Treasury funds;
>
> b. The claims by the Plaintiffs against the Defendants are based upon and governed by state law and do not involve federal funds.

41. Second, the Third-Party Plaintiffs seek contribution from Allstate. The basis for contribution arises out of a contract, *i.e.*, the SFIP. The U.S. Fifth Circuit has held that claims for

indemnity and contribution based upon contract are separate and independent claims. *See, Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980) and *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, *cert. denied*, 506 U.S. 867 (1992)(holding that removal was proper but there was no personal jurisdiction over the foreign third-party defendants).

42. Removal of such claims are removable pursuant to 28 U.S.C. §1331, which provides in pertinent part:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

43. For the reasons discussed herein, Third-Party Plaintiffs' claims implicate federal funds under the SFIP and raise federal questions that are separate and independent from the claims by the Plaintiffs against the Defendants.  Therefore, consent to removal by the Defendants is not required under 28 U.S.C. §1441(c), and the only Third-Party Defendant herein is Allstate in its private capacity, which joins in this removal. *See*, *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1988); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Cermanica, et al.*, 855 F.Supp. 163, 166-67 (N.D. Tex. 1994) following *Henry*; *Ripoll v. White,* 2006 WL 3406733 (E. D. La. Nov. 20, 2006); and *Coats v. Reboul, et al*, 2007 WL 54816 (E.D.La. Jan. 4, 2007).  For a discussion involving a separate and independent claim under an SFIP, please see *Ripoll, supra* and *Coats, supra.*

SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

44. To the extent that the claims of the Plaintiffs and Defendants are not subject to original

federal jurisdiction, this Court has the discretion to extend jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611 (2005).

PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

45.  This notice of removal, which was filed on June 3, 2010, is timely filed.  As shown by Exhibit 1, the Third-Party Plaintiffs' First Amended Third Party Demand was filed on May 10, 2010. Further, the court granted the Third-Party Defendants leave to file the First Amended Third Party Demand on May 12, 2010.  On that same date, summons was issued to Allstate Insurance Company through the Louisiana Secretary of State.  On May 21, 2010, the Secretary of State sent a letter to Allstate Insurance Company c/o CT Corporation System enclosing the citation served upon the Louisiana Secretary of State. All of these facts are demonstrated by Exhibit 1.

46.  As per *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D. La. 2001), the thirty day period in which to remove does not commence running until the defendant is actually served. Service was made on CT Corporation System on behalf of Allstate on May 24, 2010. (Exhibit 1). Thus this notice of removal can be considered timely.

47. In addition, the federal contract claims for payment under an SFIP directed to the WYO carrier Allstate are separate and independent; they are the only federal claims contained in the First Amended Third Party Demand.  Accordingly, the other party could have removed this case to federal court. *See*, *Benoit v. W.W. Grainger, Inc.*, 1998 WL 749444 (E.D. La. Oct. 21, 1998)(J. Vance),

stating:

> However, the first-served defendant rule does not apply if 'the removed claim is a separate and independent claim under 28 U.S.C. §1441(c)." *Marshall v. Skydive America South*, 903 F.Supp. 1067, 1068 (E.D. Tex. 1995). Rather, claims against the later-served defendant that are separate and distinct from the claims against the first-served defendants may be removed within 30 days of notice to the later-served defendant. *Ortiz v. General Motors Acceptance Corp., Inc.*, 538 F.Supp. 526, 529 (D.C. Ill. 1984).

Therefore, this notice of removal by Defendant Allstate, being filed within 30 days of actual service upon it, is timely.

48. Accordingly, because this removal is based upon the separate and independent federal claim against the WYO carrier Allstate, consent of other parties is not required. See *Henry,* 857 F.2d at 999; *see also*, *Lannes v. Operators International*, 2004 WL 2984327 (E.D. La. Dec. 20, 2004)(J. Africk) at *2, fn. 12.

49. Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, 42 U.S.C. §4072, and 44 C.F.R. Pt. 61, App. A(1), Article VII(R), as the property made subject of this lawsuit is located within the boundaries of this district.

50. As per 28 U.S.C. §1446(a), attached hereto as Exhibit 1 is a certified copy of the state court record.

CONCLUSION

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the docket of this Honorable Court.

June 4, 2010.

          Respectfully submitted:

           /s/ John Dennis Carter
          John Dennis Carter, La. 24334
          Gerald J. Nielsen, La. 17078
          Nielsen Law Firm, L.L.C.
          38383 N. Causeway Boulevard, Suite 2850
          Metairie, Louisiana 70002
          jcarter@nielsenlawfirm.com
          Tel. (504) 837-2500
          Counsel for Allstate Insurance Company
          in its capacity as a WYO carrier

          and

           /s/ Jeffery P. Lozes
          Jeffery P. Lozes (#8921)
          410 S. Rampart Street, Second Floor
          New Orleans, Louisiana 70112
          Phone: (504) 581-4455
          Facsimile: (504) 581-4458
          Counsel for Allstate Insurance Company
          in its private capacity

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been served upon all counsel of record by electronic transmission and/or United States mail, certified mail, on this 4th day of June, 2010, as follows:

    Terrence O'Brien, Esq. (tobrien@taggertmorton.com)
    Taggert, Morton, Ogden, Staub, Rougelot & O'Brien, L.L.C.
    2100 Energy Centre
    1100 Poydras Street
    New Orleans, LA 70163-2100
    Counsel for Frank and Mary Ferguson

    Lance R. Rydberg, Esq. (lrydberg@duncour.com)
    Duncan, Courington & Rydberg, L.L.C.
    400 Poydras Street, Suite 1200
    New Orleans, LA 70130
    Counsel for:  All Coast Intermodal Services, First Coast Intermodal Services, Inc., AequiCap Claims Services, Inc., Horizon Lines, L.L.C., Maersk Equipment Services Co., David Pierce, and Transportation Casualty Company

                                                                         /s/ John Dennis Carter