UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FRANK AND MARY FERGUSON                                    CIVIL ACTION

VERSUS                                                     NO.  10-1656

MAERSK EQUIPMENT SERVICES, CO., ET AL.                     SECTION  "N" (4)

## ORDER AND REASONS

Presently before the Court are Plaintiffs' Motion to Remand (Rec. Doc. 13) and the

Motion for Summary Judgment (Rec. Doc. 19) filed by  Third-Party Defendant Allstate Insurance

Company ("Allstate Flood").  With their motion, Plaintiffs ask the Court to sever their claims against

the original defendants ("Defendants") from the third-party claim and then remand their claims to

state court.  Plaintiffs' request is made pursuant to the discretionary remand authority granted to the

Court by 28 U.S.C. §1441(c), which states:

> Whenever a separate and independent claim or cause of action within
> the jurisdiction conferred by section 1331 of [Title 28] is joined with
> one or more otherwise non-removable claims or causes of action, the
> entire case may be removed and the district court may determine all
> issues therein, or, in its discretion, may remand all matters in which
> State law predominates.

*See* 28 U.S.C. §1441(c).[1]

---

[1]     The Fifth Circuit has explained that "a federal claim is separate and independent if
it involves an obligation distinct from the nonremovable claims in the case." *State of Texas v.
Walker*, 142 F.3d 813, 817 (5th Cir. 998), *cert. denied*, 525 U.S. 1101, 119 S. Ct. 865 (1999).  By
their very nature, however, third-party claims bear a close relationship with the main claim.
Otherwise, they would not be not be eligible for joinder with the main claim under typical state court
procedural rules. *See, e.g.,* La. Code Civ. P.  art. 1111 ("defendant in a principal action by petition
may bring in any person . . . who is his warrantor, or who is or may be liable to him for all or part
of the principal demand."

Having reviewed the parties' submissions relative to both motions carefully, **IT IS ORDERED** that, at this juncture and on the showing made, Plaintiffs' motion to remand and Allstate Flood's motion for summary judgment are **DENIED**. Significantly, Defendants/Third-Party Plaintiffs confirm that they "do not seek any money damages or any recovery whatsoever from Allstate itself" and have no "right of action against Allstate under its flood policy [issued under the National Flood Insurance Program]." *See* Rec. Doc. 22 at pp. 4-5. As explained in Defendants/Third-Party Plaintiffs' submissions, however, the existence and scope of any subrogation rights that Allstate Flood, by virtue of its prior payments to Plaintiffs, has against Defendants/Third-Party Plaintiffs, have not been sufficiently clarified. *See* Rec. Docs. 21-23.

Given the foregoing, the Court urges the parties to promptly arrange a conference with the assigned magistrate judge to ascertain whether all aspects of the third party-claim can be amicably and definitively resolved. If that result is reached, the Court, at that time, would consider a request for a discretionary remand of Plaintiffs' claims against Defendants.

New Orleans, Louisiana, this 23rd day of March 2011.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

Although this fact might seem to suggest that third-party indemnity claims can never be "separate and independent" for purposes of §1441(c), the Fifth Circuit has confirmed the contrary to be true. Rather, third-party indemnity claims are *not* "separate and independent" when they are premised on an allegation that the third party defendant's conduct caused the plaintiff's injuries and, therefore, seek indemnity and/or contribution under tort law principles. *See In re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir. 1989). On the other hand, a third-party claim that seeks only contractual indemnity based on a separate obligation owed to the defendant/third-party plaintiff, such as an insurance policy, *is* a "separate and independent' claim. *Id.* at 96; *Marsh Inv. Corp. v. Langford*, 494 F. Supp. 344, 350 (E.D. La. 1980) (same), *aff'd per curiam*, 652 F.2d 583 (5th Cir. 1981).